UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA NIETO; DIESEL GONZALEZ-NIETO, a minor by his mother and next friend Maria Nieto, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ACCESS COMMUNITY HEALTH NETWORK; ACCESS COMMUNITY HEALTH NETWORK d/b/a ACCESS SOUTHWEST FAMILY HEALTH CENTER; MARLENE GREEN, M.D., individually and as an agent of Access Southwest Family Health Center; FAITH HARRIS, R.N. individually and as an agent of Access Southwest Family Health Center; JOY WEST, M.D., individually and as an agent of Access Southwest Family Health Center; CHARLES BARRON, M.D., individually and as an agent of Access Southwest Family Health Center; PAMELA ROPER, M.D., individually and as an agent of Access Southwest Family Health Center, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 14 C 7333<br><br>Judge<br><br>Formerly Case No. 2013 L 11849<br>Circuit Court of Cook County, Illinois |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Dorothy Brown
        Clerk of the Circuit Court
        Richard J. Daley Center, Room 1001
        50 West Washington Street
        Chicago, Illinois 60602

Matthew A. LaSusa
Fichera & Miller, P.C.
415 North LaSalle Street, Suite 301
Chicago, Illinois 60654

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.      On or about April 2, 2014, plaintiff Maria Nieto, individually and as mother and next friend of Diesel Gonzalez-Nieto, a minor, commenced the above civil action against Marlene Green, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron M.D., Pamela Roper, M.D., and the Access Community Health Network, alleging medical malpractice.  A copy of the state court complaint is attached as Exhibit A.  For purposes of this lawsuit, Access Community Health Network is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233.  *See* Exhibit B.  In addition, Marlene Green, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron M.D., and Pamela Roper, M.D., were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint.  *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Access Community Health Network was a private entity receiving grant money from the Public Health Service and that defendants Marlene Green, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron M.D., and Pamela Roper, M.D., were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial.  42 U.S.C. § 233.  Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 42 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Access Community Health Network, Marlene Green, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron M.D., and Pamela Roper, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Access Community Health Network, Marlene Green, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron M.D., and Pamela Roper, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ John D. Cooke
        JOHN D. COOKE
        Assistant United States Attorney
        219 South Dearborn Street
        Chicago, Illinois 60604
        (312) 353-8788
        john.cooke@usdoj.gov

# Exhibit A

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

FILED AT DIVISION
APR -2 AM 10: 42
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

RECEIVED
APR 3 0 2014
BY

MARIA NIETO;                                             )
DIESEL GONZALEZ-NIETO, a minor by his Mother            )
And Next Friend Maria Nieto;                            )
                                                        )
          Plaintiffs,                                   )
                                                        )
     v.                                                 )     No.: 13 L 11849
                                                        )
ACCESS COMMUNITY HEALTH NETWORK;                        )
ACCESS COMMUNITY HEALTH NETWORK                         )
d/b/a ACCESS SOUTHWEST FAMILY HEALTH                    )
CENTER;                                                 )
MARLENE GREEN, M.D., Individually and as an             )
Agent of ACCESS SOUTHWEST FAMILY HEALTH                 )
CENTER;                                                 )
FAITH HARRIS, R.N. Individually and as an               )
Agent of ACCESS SOUTHWEST FAMILY HEALTH                 )
CENTER;                                                 )
JOY WEST, M.D., Individually and as an                  )
Agent of ACCESS SOUTHWEST FAMILY HEALTH                 )
CENTER;                                                 )
CHARLES BARRON; M.D., Individually and as an            )
Agent of ACCESS SOUTHWEST FAMILY HEALTH                 )
CENTER;                                                 )
PAMELA ROPER, M.D., Individually and as an              )
Agent of ACCESS SOUTHWEST FAMILY HEALTH                 )
CENTER;                                                 )
          Defendants.                                   )

## AMENDED COMPLAINT AT LAW

NOW COME the Plaintiffs, MARIA NIETO, and DIESEL GONZALEZ-NIETO, a

minor by his mother and next friend Maria Nieto, by and through their attorneys, FICHERA &

MILLER, P.C., and complaining against Defendants, ACCESS COMMUNITY HEALTH

NETWORK; ACCESS COMMUNITY HEALTH NETWORK d/b/a ACCESS SOUTHWEST

FAMILY HEALTH CENTER; MARLENE GREEN, M.D., Individually and as an Agent of

ACCESS SOUTHWEST FAMILY HEALTH CENTER; FAITH HARRIS, R.N. Individually

and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; JOY WEST, M.D.,

Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER;

CHARLES BARRON; M.D., Individually and as an Agent of ACCESS SOUTHWEST

FAMILY HEALTH CENTER; PAMELA ROPER, M.D., Individually and as an Agent of

ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### PARTIES AND JURISDICTION

1.     Plaintiff, MARIA NIETO, is and was at all times relevant hereto, a resident of the
City of Chicago, County of Cook, State of Illinois.

2.     Plaintiff, DIESEL GONZALEZ-NIETO, a minor, is and was at all times relevant
hereto, a resident of the City of Chicago, County of Cook, State of Illinois.

3.     Defendant, ACCESS COMMUNITY HEALTH NETWORK, is and was at all
times relevant hereto, an Illinois not-for-profit corporation  d/b/a SOUTHWEST FAMILY
HEALTH CENTER, is a network of health centers located throughout Chicago and the
surrounding suburbs, including one clinic, ACCESS SOUTHWEST FAMILY CENTER, located
at 4839 West 47th Street, Chicago, IL 60638.

4.     Defendant, ACCESS COMMUNITY HEALTH NETWORK, d/b/a
SOUTHWEST FAMILY HEALTH CENTER is and was at all times relevant hereto, an Illinois
not-for-profit corporation  d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a network of
health centers located throughout Chicago and the surrounding suburbs, including one clinic,
ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, IL
60638.

5.      Defendant, ACCESS COMMUNITY HEALTH NETWORK, and Defendant, ACCESS COMMUNITY HEALTH NETWORK, d/b/a SOUTHWEST FAMILY HEALTH CENTER are hereinafter collectively referred to as ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER.

6.      Defendant, MARLENE GREEN, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER, was at all times relevant hereto, an agent, employee, and/or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a physician licensed to practice medicine in the field of obstetrics and gynecology in Illinois, and engages in the practice of medicine in Illinois. .

7.      Defendant, FAITH HARRIS, R.N., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER was at all times relevant hereto, an agent, employee, and/or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a registered nurse licensed to practice medicine in the field of nursing in Illinois, and engages in the practice of medicine in Illinois.

8.      Defendant, JOY WEST, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER, was at all times relevant hereto, an agent, employee, and/or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a physician licensed to practice medicine in the field of obstetrics and gynecology in Illinois, and engages in the practice of medicine in Illinois.

9.      Defendant, CHARLES BARRON, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER, was at all times relevant hereto, an

agent, employee, and/or apparent agent of Defendant, ACCESS COMMUNITY HEALTH
NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a physician licensed to
practice medicine in the field of pediatrics in Illinois, and engages in the practice of medicine in
Illinois.

10.     Defendant, PAMELA ROPER, M.D., Individually and as an Agent of ACCESS
SOUTHWEST FAMILY HEALTH CENTER, was at all times relevant hereto, an agent,
employee, and/or apparent agent of Defendant, ACCESS COMMUNITY HEALTH NETWORK
d/b/a SOUTHWEST FAMILY HEALTH CENTER, is a physician licensed to practice medicine
in the field of pediatrics in Illinois, and engages in the practice of medicine in Illinois.

## FACTUAL BASIS

11.     Plaintiff brings this case against Defendants for damages associated with the
insertion, use, failure, and subsequent medical care associated with an intrauterine device or
intrauterine system, that was inserted in Plaintiff's uterus in our about January 2009.

12.     In or about December 2009, Plaintiff tested positive for an intrauterine pregnancy.

13.     In or about December 2009, Plaintiff experienced severe pain in her abdomen,
lower back, and pelvic areas.

14.     In or about January 2010, Plaintiff spontaneously aborted the fetus with which she
was pregnant.

15.     Defendants ACCESS, GREEN, HARRIS and WEST advised and informed
Plaintiff that she had unknowingly expelled her intrauterine device after its insertion in January
2009 and that the intrauterine device was no longer in her body. As a result, Plaintiff had a good
faith belief that she had unknowingly expelled her intrauterine device, which then caused her

unintended pregnancy, and furthered her belief and reliance that the intrauterine device was no longer in her body.

16.     In or about March 2011 (approximately thirteen months after the first fetus was spontaneously aborted), Plaintiff became pregnant for a second time.

17.     Plaintiff carried the second pregnancy to near full term.

18.     From March of 2011 through October 25, 2011, Defendant's ACCESS, BARRON and ROPER failed to properly examine, detect or diagnose the intrauterine device's presence, location or migration within the body of Plaintiff, Maria Nieto.

19.     Prior to giving birth, on October 25, 2011, Plaintiff had an ultrasound and subsequent exam, which revealed that intrauterine device previously inserted (approximately 34 months earlier) in January 2009 was still within her body and as of October 25, 2011 had migrated to a location between her uterus and rectum.

20.     On October 31, 2011, Plaintiff gave birth via Caesarean section, and subsequently underwent surgery to remove the intrauterine device from her rectum.

21.     As a result of the failure to properly examine, detect or diagnose the intrauterine device's presence, location or migration within her body, Plaintiff, Maria Nieto, experienced a spontaneous abortion of her first pregnancy, complications of her second pregnancy, surgical procedures, severe and persistent physical pain, suffering, mental anguish, and emotional trauma.

22.     As a result of the failure to properly examine, detect or diagnose the intrauterine device within Maria Nieto's body during her second pregnancy to near full term with Diesel Gonazalez-Nieto, Plaintiff, Diesel Gonzalez-Nieto experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering.

## COUNT I

## MARIA NIETO - ACCESS COMMUNITY HEALTH NETWORK

NOW COMES the Plaintiff, MARIA NIETO, by and through her attorneys, FICHERA &

MILLER, and complaining of the Defendant, ACCESS COMMUNITY HEALTH NETWORK,

states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

23.     Beginning in January 2009, subsequent to it, and at all relevant times, the

defendant was and is a corporation organized under Illinois law and engaged in the practice of

medicine through its employees, agents and apparent agents including MARLENE GREEN,

M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., CHARLES BARRON, M.D. and

PAMELA ROPER, M.D.

24.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE

GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., an employee, agent  or apparent

agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an

intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about

January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or

about January 2010, when Plaintiff spontaneously aborted the fetus with which she was

pregnant, Defendant's and each of them failed to detect the location or presence of or locate the

intrauterine device or intrauterine system. Thereafter, from March 2011 through October 25,

2011, CHARLES BARRON, M.D. and PAMELA ROPER, M.D. failed to examine, detect or

properly diagnose the presence of the intrauterine device. These actions all occurred at ACCESS

SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

25.     Defendant, ACCESS COMMUNITY HEALTH NETWORK, had a duty, by its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. to exercise toward the plaintiff, due and proper care in and about the services rendered to her so as not to injure or harm the plaintiff while she was a patient under their care.

26.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

27.     The Defendant, ACCESS COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. wholly regardless of its legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

28.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, ACCESS COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. the Plaintiff suffered a spontaneously aborted fetus, severe and persistent physical pain subsequent to the aborted first pregnancy and before, during and subsequent to the second pregnancy, pain, suffering, mental anguish, and emotional trauma. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual

duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has

expended large sums of money endeavoring to be cured and healed of said injuries and will in

the future, incur additional sums of money endeavoring to be cured of said injuries. Further,

Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said

injuries all as a direct and proximate result of the negligence of Defendant, ACCESS

COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents,

including MARLENE GREEN, M.D., FAITH HARRIS, R.N., JOY WEST, M.D., CHARLES

BARRON, M.D. and PAMELA ROPER, M.D.

29.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's

attorney, including a written report of a medical doctor who practices medicine in the field of

obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

30.          WHEREFORE, the Plaintiff MARIA NIETO, demands judgment against

Defendant, ACCESS COMMUNITY HEALTH NETWORK, and Defendant, ACCESS

COMMUNITY HEALTH NETWORK, d/b/a SOUTHWEST FAMILY HEALTH CENTER as

collectively referred to as ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST

FAMILY HEALTH CENTER, in a dollar amount to satisfy the jurisdictional limitation of this

Court, such additional amounts as the Court shall deem proper, and costs of this suit.

## COUNT II

### DIESEL NIETO – ACCESS COMMUNITY HEALTH NETWORK

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and

Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and

complaining of the Defendant, ACCESS COMMUNITY HEALTH NETWORK, states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

31.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a corporation organized under Illinois law and engaged in the practice of medicine through its employees, agents and apparent agents including MARLENE GREEN, M.D., FAITH HARRIS, R.N., JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D.

32.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., an employee, agent or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or intrauterine system that was inserted in Maria Nieto's uterus in our about January 2009. Thereafter, when Maria Nieto became pregnant in or about December 2009, and in or about January 2010, when Maria Nieto spontaneously aborted the fetus with which she was pregnant, Defendant's and each of them failed to detect the location or presence of or locate the intrauterine device or intrauterine system. Thereafter, from March 2011 through October 25, 2011, CHARLES BARRON, M.D. and PAMELA ROPER, M.D. failed to examine, detect or properly diagnose the presence of the intrauterine device. These actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

33.     Defendant, ACCESS COMMUNITY HEALTH NETWORK, had a duty, by its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. to exercise toward the unborn plaintiff, due and proper care in and about the services

rendered to Maria Nieto so as not to injure or harm the unborn plaintiff while Maria Nieto was a patient under their care.

34.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

35.     The Defendant, ACCESS COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. wholly regardless of its legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

36.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, ACCESS COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D. the Plaintiff has experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time.  Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries.  Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said

injuries all as a direct and proximate result of the negligence of Defendant, ACCESS COMMUNITY HEALTH NETWORK, and its agents, servants, employees and apparent agents, including MARLENE GREEN, M.D., FAITH HARRIS, R.N., JOY WEST, M.D., CHARLES BARRON, M.D. and PAMELA ROPER, M.D.

37.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

38.     WHEREFORE, the Plaintiff DIESEL NIETO, demands judgment against Defendant, ACCESS COMMUNITY HEALTH NETWORK, and Defendant, ACCESS COMMUNITY HEALTH NETWORK, d/b/a SOUTHWEST FAMILY HEALTH CENTER as collectively referred to as ACCESS COMMUNITY HEALTH NETWORK d/b/a SOUTHWEST FAMILY HEALTH CENTER, in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT III

## MARIA NIETO - MARLENE GREEN, M.D.

NOW COMES the Plaintiff, MARIA NIETO, by and through her attorneys, FICHERA & MILLER, and complaining of the Defendant MARLENE GREEN, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

39.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a licensed medical doctor engaged in the practice of medicine.

40.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE

GREEN, M.D., individually and as an employee, agent or apparent agent of ACCESS

COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or

intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter,

when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when

Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant then failed to

detect the location or presence of or locate the intrauterine device or intrauterine system. These

actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th

Street, Chicago, Illinois.

41.     Defendant, MARLENE GREEN, M.D., had a duty to exercise toward the

plaintiff, due and proper care in and about the services rendered to her so as not to injure or harm

the plaintiff while she was a patient under her care.

42.     The standard of care for insertion and monitoring of an intrauterine device or

intrauterine system requires positive determination that it is no longer present within the patient's

body, especially following an unexpected pregnancy, spontaneously aborted fetus and

subsequent pregnancy.

43.     The Defendant, MARLENE GREEN, M.D., wholly regardless of her legal duties

and obligations, carelessly, negligently and unskillfully breached the standard of care for medical

providers by the improper insertion and monitoring of an intrauterine device or intrauterine

system.

44.     That as a direct and proximate result of the foregoing negligent acts and/or

omissions of the Defendant, MARLENE GREEN, M.D., the Plaintiff suffered a spontaneously

aborted fetus, severe and persistent physical pain subsequent to the aborted first pregnancy and

before, during and subsequent to the second pregnancy, pain, suffering, mental anguish, and emotional trauma. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, MARLENE GREEN, M.D.

45.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

46.     WHEREFORE, the Plaintiff MARIA NIETO, demands judgment against Defendant, MARLENE GREEN, M.D., individually and as agent of ACCESS COMMUNITY HEALTH NETWORK, in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT IV

### DIESEL NIETO - MARLENE GREEN, M.D.

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and complaining of the Defendant, MARLENE GREEN, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

47.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a licensed medical doctor engaged in the practice of medicine.

48.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE GREEN, M.D., individually and as an employee, agent or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant them failed to detect the location or presence of or locate the intrauterine device or intrauterine system. These actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

49.     Defendant, MARLENE GREEN, M.D., had a duty to exercise toward the unborn plaintiff, due and proper care in and about the services rendered to Maria Nieto so as not to injure or harm the unborn plaintiff while Maria Nieto was a patient under her care

50.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

51.     The Defendant, MARLENE GREEN, M.D., wholly regardless of her legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

52.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, MARLENE GREEN, M.D., the Plaintiff has experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, MARLENE GREEN, M.D.

53.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

WHEREFORE, the Plaintiff demands judgment against Defendant, MARLENE GREEN, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT V

## MARIA NIETO - FAITH HARRIS, R.N.

NOW COMES the Plaintiff, MARIA NIETO, by and through her attorneys, FICHERA & MILLER, and complaining of the Defendant FAITH HARRIS, R.N., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

54.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a licensed medical doctor engaged in the practice of medicine.

55.     Beginning in January 2009, subsequent to it, and at all relevant times, FAITH HARRIS, R.N., individually and as an employee, agent or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant then failed to detect the location or presence of or locate the intrauterine device or intrauterine system. These actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

56.     Defendant, FAITH HARRIS, R.N., had a duty to exercise toward the plaintiff, due and proper care in and about the services rendered to her so as not to injure or harm the plaintiff while she was a patient under her care.

57.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

58.     The Defendant, FAITH HARRIS, R.N., wholly regardless of her legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

59.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, FAITH HARRIS, R.N., the Plaintiff suffered a spontaneously aborted fetus, severe and persistent physical pain subsequent to the aborted first pregnancy and before, during and subsequent to the second pregnancy, pain, suffering, mental anguish, and emotional trauma. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, FAITH HARRIS, R.N.

60.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

61.     WHEREFORE, the Plaintiff MARIA NIETO, demands judgment against Defendant, FAITH HARRIS, R.N., individually and as agent of ACCESS COMMUNITY HEALTH NETWORK, in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT VI

## DIESEL NIETO - FAITH HARRIS, R.N.

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and

complaining of the Defendant, FAITH HARRIS, R.N., Individually and as an Agent of ACCESS

SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

62.     Beginning in January 2009, subsequent to it, and at all relevant times, the

defendant was and is a licensed medical doctor engaged in the practice of medicine.

63.     Beginning in January 2009, subsequent to it, and at all relevant times, FAITH

HARRIS, R.N., individually and as an employee, agent or apparent agent of ACCESS

COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or

intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter,

when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when

Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant them failed to

detect the location or presence of or locate the intrauterine device or intrauterine system. These

actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th

Street, Chicago, Illinois.

64.     Defendant, FAITH HARRIS, R.N., had a duty to exercise toward the unborn

plaintiff, due and proper care in and about the services rendered to Maria Nieto so as not to

injure or harm the unborn plaintiff while Maria Nieto was a patient under her care

65.     The standard of care for insertion and monitoring of an intrauterine device or

intrauterine system requires positive determination that it is no longer present within the patient's

body, especially following an unexpected pregnancy, spontaneously aborted fetus and

subsequent pregnancy.

66.     The Defendant, FAITH HARRIS, R.N., wholly regardless of her legal duties and

obligations, carelessly, negligently and unskillfully breached the standard of care for medical

providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

67.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, FAITH HARRIS, R.N., the Plaintiff has experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, FAITH HARRIS, R.N.

68.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

WHEREFORE, the Plaintiff demands judgment against Defendant, FAITH HARRIS, R.N., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

## COUNT VII

### MARIA NIETO - JOY WEST, M.D.

NOW COMES the Plaintiff, MARIA NIETO, by and through her attorneys, FICHERA &

MILLER, and complaining of the Defendant JOY WEST, M.D., Individually and as an Agent of

ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

69.     Beginning in January 2009, subsequent to it, and at all relevant times, the

defendant was and is a licensed medical doctor engaged in the practice of medicine.

70.     Beginning in January 2009, subsequent to it, and at all relevant times, JOY

WEST, M.D., individually and as an employee, agent  or apparent agent of ACCESS

COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or

intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter,

when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when

Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant then failed to

detect the location or presence of or locate the intrauterine device or intrauterine system. These

actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th

Street, Chicago, Illinois.

71.     Defendant, JOY WEST, M.D., had a duty to exercise toward the plaintiff, due and

proper care in and about the services rendered to her so as not to injure or harm the plaintiff

while she was a patient under her care.

72.     The standard of care for insertion and monitoring of an intrauterine device or

intrauterine system requires positive determination that it is no longer present within the patient's

body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

73.     The Defendant, JOY WEST, M.D., wholly regardless of her legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

74.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, JOY WEST, M.D., the Plaintiff suffered a spontaneously aborted fetus, severe and persistent physical pain subsequent to the aborted first pregnancy and before, during and subsequent to the second pregnancy, pain, suffering, mental anguish, and emotional trauma. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to her usual duties and affairs of life, and has lost, and will lose, the value of that time.  Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries.  Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, JOY WEST, M.D.

75.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

76.     WHEREFORE, the Plaintiff MARIA NIETO, demands judgment against Defendant, JOY WEST, M.D., individually and as agent of ACCESS COMMUNITY HEALTH

NETWORK, in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

## COUNT VIII

### DIESEL NIETO - JOY WEST, M.D.

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and complaining of the Defendant, JOY WEST, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

77.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a licensed medical doctor engaged in the practice of medicine.

78.     Beginning in January 2009, subsequent to it, and at all relevant times, JOY WEST, M.D., individually and as an employee, agent  or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant them failed to detect the location or presence of or locate the intrauterine device or intrauterine system. These actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

79.     Defendant, JOY WEST, M.D., had a duty to exercise toward the unborn plaintiff, due and proper care in and about the services rendered to Maria Nieto so as not to injure or harm the unborn plaintiff while Maria Nieto was a patient under her care

80.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

81.     The Defendant, JOY WEST, M.D., wholly regardless of her legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper insertion and monitoring of an intrauterine device or intrauterine system.

82.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, JOY WEST, M.D., the Plaintiff has experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, JOY WEST, M.D.

83.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

WHEREFORE, the Plaintiff demands judgment against Defendant, JOY WEST, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT IX

### DIESEL NIETO - CHARLES BARRON, M.D.

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and complaining of the Defendant, CHARLES BARRON, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

84.     Beginning in January 2009, subsequent to it, and at all relevant times, the defendant was and is a licensed medical doctor engaged in the practice of medicine.

85.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., individually and as an employee, agent or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an insertion of an intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when Plaintiff spontaneously aborted the fetus with which she was

pregnant, Defendant them failed to detect the location or presence of or locate the intrauterine

device or intrauterine system. Thereafter, from March 2011 through October 25, 2011,

CHARLES BARRON, M.D. and PAMELA ROPER, M.D. failed to examine, detect or properly

diagnose the presence of the intrauterine device. These actions all occurred at ACCESS

SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

86.     Defendant, CHARLES BARRON, M.D., had a duty to exercise toward the

unborn plaintiff, due and proper care in and about the services rendered to Maria Nieto so as not

to injure or harm the unborn plaintiff while Maria Nieto was a patient under her care

87.     The standard of care for insertion and monitoring of an intrauterine device or

intrauterine system requires positive determination that it is no longer present within the patient's

body, especially following an unexpected pregnancy, spontaneously aborted fetus and

subsequent pregnancy.

88.     The Defendant, CHARLES BARRON, M.D., wholly regardless of her legal

duties and obligations, carelessly, negligently and unskillfully breached the standard of care for

medical providers by the improper examination, detection, monitoring or diagnosis of the

presence of an intrauterine device or intrauterine system.

89.     That as a direct and proximate result of the foregoing negligent acts and/or

omissions of the Defendant, CHARLES BARRON, M.D., the Plaintiff has experienced and

continues to suffer from related birth, physical and cognitive defects, injuries and persistent

physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and

will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost,

and will lose, the value of that time. Further, Plaintiff has expended large sums of money

endeavoring to be cured and healed of said injuries and will in the future, incur additional sums

of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the

future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate

result of the negligence of Defendant, CHARLES BARRON, M.D.

90.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of

Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the

field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

WHEREFORE, the Plaintiff demands judgment against Defendant, CHARLES

BARRON, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH

CENTER in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional

amounts as the Court shall deem proper, and costs of this suit.

---

## COUNT X

### DIESEL NIETO - PAMELA ROPER, M.D.

NOW COMES the Plaintiff, DIESEL GONZALEZ-NIETO, a minor by his Mother and

Next Friend MARIA NIETO, by and through their attorneys, FICHERA & MILLER, and

complaining of the Defendant, PAMELA ROPER, M.D., Individually and as an Agent of

ACCESS SOUTHWEST FAMILY HEALTH CENTER; states as follows:

Plaintiff incorporates Paragraphs 1 – 22 above, herein as if fully set forth.

91.     Beginning in January 2009, subsequent to it, and at all relevant times, the

defendant was and is a licensed medical doctor engaged in the practice of medicine.

92.     Beginning in January 2009, subsequent to it, and at all relevant times, MARLENE

GREEN, M.D., FAITH HARRIS, R.N., and JOY WEST, M.D., individually and as an employee,

agent or apparent agent of ACCESS COMMUNITY HEALTH NETWORK, performed an

insertion of an intrauterine device or intrauterine system that was inserted in Plaintiff's uterus in our about January 2009. Thereafter, when Plaintiff became pregnant in or about December 2009, and in or about January 2010, when Plaintiff spontaneously aborted the fetus with which she was pregnant, Defendant them failed to detect the location or presence of or locate the intrauterine device or intrauterine system. Thereafter, from March 2011 through October 25, 2011, CHARLES BARRON, M.D. and PAMELA ROPER, M.D. failed to examine, detect or properly diagnose the presence of the intrauterine device. These actions all occurred at ACCESS SOUTHWEST FAMILY CENTER, located at 4839 West 47th Street, Chicago, Illinois.

93.     Defendant, PAMELA ROPER, M.D., had a duty to exercise toward the unborn plaintiff, due and proper care in and about the services rendered to Maria Nieto so as not to injure or harm the unborn plaintiff while Maria Nieto was a patient under her care

94.     The standard of care for insertion and monitoring of an intrauterine device or intrauterine system requires positive determination that it is no longer present within the patient's body, especially following an unexpected pregnancy, spontaneously aborted fetus and subsequent pregnancy.

95.     The Defendant, PAMELA ROPER, M.D., wholly regardless of her legal duties and obligations, carelessly, negligently and unskillfully breached the standard of care for medical providers by the improper examination, detection, monitoring or diagnosis of the presence of an intrauterine device or intrauterine system.

96.     That as a direct and proximate result of the foregoing negligent acts and/or omissions of the Defendant, PAMELA ROPER, M.D., the Plaintiff has experienced and continues to suffer from related birth, physical and cognitive defects, injuries and persistent physical pain and suffering. Plaintiff has sustained severe and permanent injuries and was, and

will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost, and will lose, the value of that time. Further, Plaintiff has expended large sums of money endeavoring to be cured and healed of said injuries and will in the future, incur additional sums of money endeavoring to be cured of said injuries. Further, Plaintiff also suffered and will, in the future, suffer great pain, anguish and suffering from said injuries all as a direct and proximate result of the negligence of Defendant, PAMELA ROPER, M.D.

97.     Pursuant to 735 ILCS5/2-622, attached as Exhibit A, is the Affidavit of Plaintiff's attorney, including a written report of a medical doctor who practices medicine in the field of obstetrics and gynecology and a nurse who practices medicine in the field of nursing.

WHEREFORE, the Plaintiff demands judgment against Defendant, PAMELA ROPER, M.D., Individually and as an Agent of ACCESS SOUTHWEST FAMILY HEALTH CENTER in a dollar amount to satisfy the jurisdictional limitation of this Court, such additional amounts as the Court shall deem proper, and costs of this suit.

FICHERA & MILLER, P.C.

BY: _____
One of the Attorneys for the Plaintiff

I, Matthew A. LaSusa, an attorney for the plaintiff in the above-captioned case depose and state that the damages sought to this action do exceed $50,000.00.

_____
Matthew A. LaSusa

FICHERA & MILLER, P.C.
ATTORNEYS FOR PLAINTIFF
415 North LaSalle Street, Suite 301
Chicago, Illinois 60654
P: (312) 673-2222
Attorney Number: 40783

**IN THE CIRCUIT COURT OF COOK COUNTY**
**COUNTY DEPARTMENT, LAW DIVISION**

MARIA NIETO;                                                      )
DIESEL GONZALEZ-NIETO, a minor by his Mother    )
And Next Friend Maria Nieto;                              )
                                                                         )
       Plaintiffs,                                             )
                                                                         )
       v.                                                         )    No.: 13 L 11849
                                                                         )
ACCESS COMMUNITY HEALTH NETWORK;            )
ACCESS COMMUNITY HEALTH NETWORK              )
d/b/a ACCESS SOUTHWEST FAMILY HEALTH          )
CENTER;                                                            )
MARLENE GREEN, M.D., Individually and as an      )
Agent of ACCESS SOUTHWEST FAMILY HEALTH      )
CENTER;                                                            )
FAITH HARRIS, R.N. Individually and as an              )
Agent of ACCESS SOUTHWEST FAMILY HEALTH      )
CENTER;                                                            )
JOY WEST, M.D., Individually and as an                   )
Agent of ACCESS SOUTHWEST FAMILY HEALTH      )
CENTER;                                                            )
CHARLES BARRON; M.D., Individually and as an      )
Agent of ACCESS SOUTHWEST FAMILY HEALTH      )
CENTER;                                                            )
PAMELA ROPER, M.D., Individually and as an          )
Agent of ACCESS SOUTHWEST FAMILY HEALTH      )
CENTER;                                                            )
       Defendants.                                           )

# EXHIBIT A

## 2-622 AFFIDAVIT OF ATTORNEY MATTHEW LASUSA

Matthew Lasusa, being first duly sworn and upon oath states:

1.    I am an attorney in the state of Illinois and represent the Plaintiff.

2.    I was contacted by the Plaintiff in this matter on October 23, 2013 and there is not

sufficient time prior to expiration of the statute of limitations on October 25, 2013 to have

*2-622 Affidavit of Attorney*

consulted and reviewed the facts of the case with a health professional who I reasonably believe:

(i)    is knowledgeable in the relevant issues involved in the particular action;

(ii)    practices or has practiced within the last 6 years or teaches or has taught within the last 6 years in the same area of health care or medicine that is at issue in this particular action; and

(iii)    is qualified by experience or demonstrated competence in the subject of the case.

3.    I expect the reviewing health professional will determine in a written report, after a review of the medical record and other relevant material involved in the particular action that there is a reasonable and meritorious cause for the filing of this action.

4.    I expect to have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of this action.

5.    A copy of the health professional's written report will be attached and incorporated herein as Exhibit B within the time permitted under Section 2-622.

6.    On and after October 25, 2013, Plaintiff has sought the medical records of Maria Nieto, and Defendant ACCESS COMMUNITY HEALTH NETWORK d/b/a ACCESS SOUTHWEST FAMILY HEALTH CENTER has denied the existence of any medical records despite an affirmative and statutory duty to create and maintain the Plaintiff's medical chart and records.

7.    There is an ongoing dispute with Defendant regarding the existence and location of Plaintiff's medical chart and records, and Plaintiff has been unable to furnish a reviewing health professional with any medical records as of this writing.

*2-622 Affidavit of Attorney*

Further, affiant sayeth naught.

_____

Matthew Lasusa, Attorney for Plaintiff

Subscribed and sworn to before
me on February 27, 2014.

_____

Notary Public

OFFICIAL SEAL
**YADIRA PABON**
Notary Public – State of Illinois
My Commission Expires August 21, 2017

*2-622 Affidavit of Attorney*

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW _____ DIVISION

**RECEIVED**
APR 30 2014
BY:

No. 13 L 11849

Access Community Health Network d/b/a Access Southwest Family Health
R/A: P Matthew Glavin
180 N. LaSalle St., Ste. 180
Chicago, IL 60601

MARIA NIETO, et al

(Name all parties)

v.

ACCESS COMMUNITY HEALTH NETWORK, et al

◉ SUMMONS ◯ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

◉ Richard J. Daley Center, 50 W. Washington, Room **802**_____, Chicago, Illinois 60602

◯ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

◯ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

◯ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

◯ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

◯ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

◯ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 40783

Name: FICHERA & MILLER, P.C.

Atty. for: PLAINTIFF

Address: 415 N. LASALLE, STE. 301

City/State/Zip: CHICAGO, IL 60654

Telephone: 312-673-2222

WITNESS, DOROTHY BROWN
CLERK OF CIRCUIT COURT

APR 09 2014

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the complaint in *Maria Nieto, et al. v. Access Community Health Network, etc., et al.*, No. 2013 L 11849 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Access Community Health Network was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Marlene Greene, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron, M.D., and Pamela Roper, M.D. were acting within the scope of their employment at the Access Community Health Network with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Access Community Health Network, Marlene Greene, M.D., Faith Harris, R.N., Joy West, M.D., Charles Barron, M.D., and Pamela Roper, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for federal statutory tort purposes only.

*Thomas Walsh*

THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: September 15, 2014